UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FREY CORPORATION, an Illinois Corporation | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 10-cv-1062 |
| THE CITY OF PEORIA, ILLINOIS, | ) ) ) |
| Defendant. | ) ) ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and Memorandum in Support. (Docs. 5 & 6). Plaintiff filed its timely Response to Defendant's Motion (Doc. 8). For the reasons stated below, the Motion to Dismiss is DENIED.

### BACKGROUND

On March 16, 2010, Plaintiff Frey Corporation, an Illinois Corporation with its principal place of business in Peoria County, Illinois, filed a Complaint seeking declaratory judgment, injunctive relief, and damages against Defendant, The City of Peoria. (Doc. 1). In its Complaint, Plaintiff alleges that Defendant deprived it of its substantive and procedural due process rights when Defendant, through its Liquor Commission, revoked Plaintiff's Site Approval for the retail sale of alcohol at 1823 West Lincoln, Peoria, Illinois ("Subject Property"). (Doc. 1 at 3-4). Plaintiff further

alleges that because Site Approval is a property right granted by the City Council, neither the Deputy Local Liquor Commissioner nor the Local Liquor Commissioner had the right or authority to revoke it. (Doc. 1 at 4).

On April 12, 2010, Defendant moved to dismiss Plaintiff's complaint in its entirety for lack of subject matter jurisdiction. According to Defendant, Plaintiff lacks standing to bring this suit because the Liquor Commission only took away the license of Plaintiff's tenant, Krunal & Jigar, Inc. ("Krunal & Jigar"), and therefore Plaintiff has not been injured, or has been injured only derivatively. (Doc. 5 at 1). Additionally, Defendant contends that there was no government taking of Plaintiff's property because Plaintiff has not been permanently deprived of the use of the Subject Property, and that because Plaintiff is the owner of the property, and not the holder of the liquor license, it has no property interest in the privilege to engage in the retail sale of alcoholic liquors and thus is not entitled to procedural due process. (Doc. 5 at 1-2).

## DISCUSSION

When considering a motion to dismiss for lack of subject matter jurisdiction, this Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the [P]laintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). Further, the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* At this stage of the litigation, the Court is not seeking to determine whether Plaintiff will ultimately prevail, only whether it is entitled to

offer evidence in support of its claims. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's claims because Plaintiff lacks standing and has no personal property interest at stake which would make it entitled to due process. (Doc. 5 at 1). As will be discussed below, assuming all factual allegations are true and drawing all reasonable inferences in favor of Plaintiff, Defendant's arguments are not successful.

**I. Plaintiff's Standing**

In order to invoke the jurisdiction of the federal courts, Plaintiff must establish three constitutional elements under Article III of the Constitution: 1) Plaintiff has suffered an "injury in fact" which is concrete and particularized and actual or imminent, 2) a causal connection between the injury and Defendant's conduct, and 3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of* Wildlife, 504 U.S. 555, 560 (1992). In addition, Plaintiff must satisfy the judge-made concept of "prudential standing," which requires that certain actions be dismissed in order to avoid overwhelming of the federal courts. *MainStreet Organization of Realtors v. Calumet City*, 505 F.3d 742, 745 (7th Cir. 2007). One such action is that in which a plaintiff's alleged injury is only derivative to an injury suffered by another, direct victim. *Id.*

Defendant's first argument is that, while Plaintiff may have Article III standing, it fails to meet the "prudential" standing requirements to bring this suit because it is merely suing to enforce the rights of Krunal & Jigar with regards to

the revocation of their liquor license. (Doc. 5 at 1). If that was the posture in which Plaintiff was bringing suit, there may in fact be an issue as to whether or not Plaintiff had appropriate standing. *See id.* at 746 ("subject to certain exceptions, one cannot sue in federal court to enforce someone else's rights."). However, as Plaintiff notes in its Response, its Complaint was not filed on behalf of Krunal & Jigar, but on account of the City's termination of Plaintiff's own Site Approval at the Subject Property. (Doc. 8 at 3) ("Plaintiff's only claim is that the Deputy Liquor Commissioner acted outside the scope of his authority and violated Plaintiff's due process rights when Commissioner revoked Plaintiff's site approval"); *see also* (Doc. 1 Exhibit A at 56) ("I hereby order the revocation of the liquor license . . . and the revocation of the site approval for the retail sale of alcoholic liquors at the location of 1823 W. Lincoln, Peoria, Illinois.").

Defendant appears to believe that Plaintiff' is objecting to the fact that no tenant, other than a restaurant under certain circumstances, can acquire a liquor license on the Subject Property for one year pursuant to 235 ILCS 5/7-13. (*See* Doc. 6 at 4-5 (comparing the instant case to such a situation in *Blue Cat Lounge, Inc. v. License Appeal Commission of Chicago*, 667 N.E.2d 554 (Ill. App. Ct. 1996))). However, this "one-year freeze" provision is not what Plaintiff is objecting to in this case. Here, the Order of the Liquor Control Commission explicitly revoked both the liquor license of Krunal & Jigar *and* the Site Approval for the Subject Property. (Doc. 1 Exhibit A at 56). Thus, the reasonable inference to be drawn from the complaint is that in addition to Krunal & Jigar's liquor license being revoked, which would automatically result in the "one-year freeze," Plaintiff's Site Approval was

also, separately, revoked, which resulted in a separate and independent harm to Plaintiff. Accordingly, Plaintiff has pled facts sufficient to give it standing.

## II. Plaintiff's Procedural Due Process Claim

Defendant also argues that Plaintiff does not have a federal cause of action because 1) it has not been permanently deprived of the use of its property, and 2) Plaintiff was the owner of the property and not the holder of the liquor license, and thus has not itself lost a property interest sufficient to invoke the Constitutional protections of procedural due process. (Doc. 5 at 1). As to the first argument, Plaintiff responds that its claim is not that Defendant engaged in an unconstitutional taking of property in violation of the Fifth Amendment, but only that Defendant acted outside the scope of its authority in revoking Plaintiff's Site Approval. (Doc. 8 at 4-5). Because Plaintiff does not wish to raise a "Takings" claim, this Court need not consider the issue.

With regards to Defendant's contention that Plaintiff has not pled a proper claim for denial of procedural due process, Plaintiff again responds that it lost its personal Site Approval, which is, in fact, a property right. (Doc. 8 at 4). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Once such a protected interest is shown, however, the right to some kind of hearing prior to its deprivation is paramount. *Id.* at 569-70.

Here, the interest at stake is the Site Approval granted to Plaintiff by the City Council to sell liquor on the premises of the Subject Property. Defendant cites

5

*Blue Cat Lounge v. License Appeal Commission of Chicago*, 667 N.E.2d 554 (Ill. App. Ct. 1996) to argue that the right to sell liquor on one's premises is a privilege and not a protected property interest. (Doc. 6 at 4-5). However, the Seventh Circuit explicitly disagreed with *Blue Cat* in *Club Misty, Inc. v. Laski*, 208 F.3d 615, 619 (7th Cir. 2000), where it stated that an Illinois liquor license "is property for purposes of determining whether the state can deprive the licensee of it without according him due process of law."[1]

According to Plaintiff, "Site approval is a process by which a property owner makes application to the City Council . . . to determine whether the site is appropriate for the retail sale of alcohol" (Doc. 8 at 6), and Plaintiff had enjoyed Site Approval at the Subject Property for the past 40 years. (Doc. 1 at 2). Plaintiff further claims that it was deprived of this property interest by the Liquor Commission subsequent to a hearing of which it was not given notice nor afforded the opportunity to present evidence.[2] (Doc. 1 at 3). Thus, Plaintiff has alleged the deprivation of a property interest and insufficient process. Based upon these allegations, Plaintiff has pled a cognizable due process claim such that this Court has jurisdiction to hear it.

---

[1] In *Club Misty*, the defendant reminded the court of the *Blue Cat* decision, but the Seventh Circuit held that the *Blue Cat* decision was based upon principles "that the Supreme Court has fully and finally rejected." *Club Misty*, 208 F.3d at 618.

[2] Plaintiff also challenges the authority of the Peoria Liquor Control Commissioner to revoke Plaintiff's Site Approval in light of the denial by the State Liquor Control Commission of jurisdiction to review the revocation decision of the Peoria Liquor Control Commissioner. This legal question deserves briefing and could be a proper subject for summary judgment disposition.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 5) is DENIED. The case is REFERRED to Magistrate Judge Gorman for further pretrial proceedings. IT IS SO ORDERED.

Entered this 13th day of September, 2010.

                                            s/ Joe B. McDade
                                            JOE BILLY McDADE
                                        United States Senior District Judge